Johnson,' C. J., delivered the opinion of the court. The question is, do the facts of this case as shown by the record, constitute a case within the jurisdiction of the justice of. the peace? In adjudicating upon easel) originating before justices of the peace, it is essential to keep in view the fact that they are the lowest grade of courts known to our constitution and laws. They possess only a special, limited, and inferior jurisdiction, and therefore the proceedings therein, according to the principle almost universally admitted, must show or set forth such facts as constitute a case within their jurisdiction; otherwise, the law regards the whole proceeding as coram non judice, and absolutely void. The 17th and 21st secs: of ch. 87, of the Rev. Stat. Ark., require that whenever any suit shall he founded on any instrument of writing purporting to have been executed by the defendant, such instrument shall be filed with the justice before any process shall be issued in the suit, and that in every suit founded on an account, a bill of the items of such account shall be filed with the justice before any process shall be issued in the suit. The appellant moved the court to dismiss this case, for the want of jurisdiction, and insisted that no such instrument had been filed with the justice of the peace, as the foundation of the action, as the statute required. The suit was instituted by the appellee against the appellant, and the instrument on file is a note drawn, or purporting to have been drawn, by the Bank of the State of Missouri, in favor of the bearer. Is this a note evidencing any indebtedness on the part'of the plaintiff to the defendant, or is it such an account as will admit of proof of such an indebtedness? We are wholly at a loss to discover how it could possibly be regarded as either. The instrument on file, and which has been transcribed into the record, if genuine, would doubtless furnish strong evidence against the Bank of Missouri and that, too, as constituting the basis of the^action. The appellant has done no act, so far as appears of record which could by possibility fix his liability for the note. He did not execute it, nor has he endorsed it over to the appellee. The statute, in requiring the party suing to file witbfthe justice the instrument or bill of' particulars, before the issuance of the summons, certainly did not design to enjoin upon him the necessity of doing an act which would be utterly useless and nugatory. It is worthy of remark here that the same act that requires^the cause of action to be filed before the issuance of the summons, also prescribes the form of the process, .and dispenses with the necessity of any description of the cause of action therein. The reason of this is obvious, because, the instrument on file, thereicould no longer be any necessity of its being set out in the[summohs," as it could, at all times, be examined and inspected by the parties. The plaintiff is requiredj# put his cause of action on file, in order that the adverse party may know what it is he is ¿called upon to answer. It is the undoubted right of every individual, ydien commanded to appear before a justice of the peace, to go to his office, and there to ascertain what it is with which he stands charged, so that he may make immediate preparation for his defence. According to these principles, we think it perfectly manifest that the justice issued the summons, in this case, without the warrant of law. The instrument neither constituting any evi" dence in itself, nor furnishing the ground-'work upon which any proof could have been admitted between the parties to the record, the justice was not authorized to issue the summons, and, consequently, the whole proceeding is coram non judice and void. The justice having no jurisdiction, it necessarily follows that the circuit court could not acquire any by appeal, and therefore it should have dismissed the case for want of jurisdiction, without pronouncing a.rry judgment whatever in favor of either party. We are therefore of opinion that the circuit court-erred in giving judgment against the appellant. The judgment must therefore be reversed, and the case remanded, with instructions to dismiss for want of jurisdiction.